IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06CV392-MU-02

| | |
|---|---|
| CHON O'NEIL EASON,        )<br>    Plaintiff,           )<br>                           )<br>    v.                     )<br>                           )<br>ROBERT B. PITTMAN, Unit    )<br>  Manager at the Avery-    )<br>  Mitchell Correctional    )<br>  Institution; and         )<br>MATHEW RIDDLE, Correc-     )<br>  tions Officer at the     )<br>  Avery-Mitchell Correc-   )<br>  tional Institution,      )<br>    Defendants.            )<br>_____) | ORDER |

**THIS MATTER** comes before the Court on an initial review of the plaintiff's civil rights Complaint under 42 U.S.C. §1983, filed November 16, 2006. After careful consideration, for the reasons stated herein, the plaintiff's Complaint will be <u>dismissed</u>, ultimately, for his failure to state a constitutional claim for which relief can be granted.

At all times relevant to this action, the plaintiff was an inmate in the custody and control of the North Carolina Department of Corrections, and was housed at the Avery-Mitchell Correctional Institution. The plaintiff alleges that he is a black inmate who, on August 3, 2006, had an altercation with a

white inmate. On that occasion, the fight was broken up by defendant Riddle, who placed handcuffs on the plaintiff so tightly that they "tore skin from [his] arm." After he was handcuffed, defendant Riddle took the plaintiff to the multi-purpose room where he was questioned by defendant Pittman. After Pittman finished questioning the plaintiff, he reportedly told Riddle to lock the plaintiff's "ass up," in response to which statement the plaintiff said "fuck you Pittman."

At that point, Pittman reportedly told Riddle if that "spook" says another word, ma[c]e [him.]" Nevertheless, the plaintiff turned and asked Pittman what he had just said, in response to which defendant Riddle sprayed mace on him.

The plaintiff further complains that he ultimately was given a full 20-day punishment, not otherwise described; and that the other inmate--presumably the one with whom he had his altercation--also was sprayed with mace, but did not receive a 20-day punishment.

By way of relief, the plaintiff asks the Court to administer lie detector tests to him and the two named defendants; and to question other inmates about the two defendants. The plaintiff also asks the Court to transfer him from the Avery-Mitchell facility; and to terminate defendant Pittman from his employment --not for his having directed defendant Riddle to mace him, but for Pittman's use of the above-noted racial slur. Nevertheless,

even assuming the truth of the plaintiff's allegations, and this Court's disdain for the use of racial epithets, the instant Complaint still must be <u>dismissed</u>.

That is, it is clear to the Court that the plaintiff's allegations that the skin on one of his arms was scraped due to an overly tightly applied handcuff and that he was sprayed with mace cannot establish any more than <u>de minimis</u> harm. To put it simply, the subject conduct does not rise to the level of a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. <u>Bell v. Wolfish</u>, 441 U.S. 520 (1979); <u>Riley v. Dorton</u>, 115 F.3d 1159, 1166-67 (4th Cir. 1997).

Rather, as the Fourth Circuit Court of Appeals noted in <u>Riley</u>, "[t]he Eighth and Fourteenth Amendments. . . establish only qualified standards of protection for prisoners and pretrial detainees--against "cruel and unusual punishment . . . ." <u>Id</u>. at 1167. In particular, the <u>Riley</u> Court reiterated that "[n]ot. . . every malevolent touch by a prison guard gives rise to a federal cause of action. . . . 'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.'" <u>Id</u>., <u>quoting</u> <u>Johnson v. Glick</u>, 481 F.2d 1028, 1033 (2d Cir. 1973). Thus, it has been concluded that the law excludes from constitutional recognition <u>de minimis</u> uses of physical force as were alleged here. <u>Hudson v. McMillan</u>, 503 U.S. 1, 9-10 (1992). According-

3

ly, the plaintiff cannot prevail on his claim that on a single occasion, he was sprayed with mace and defendant Riddle tightly handcuffed him because those allegations do no more than identify <u>de minimis</u> uses of force which are not proscribed by the Constitution.  <u>But cf</u>. <u>United States v. Perkins</u>, 470 F.3d 150(4th Cir. 2006) (where Court concluded that mere "physical pain" met the broader definition of "bodily injury" as applied under criminal provisions 18 U.S.C. §§831(f)(5), 1365(g)(4), 1515(a)(5) and 1864(d)(2), and affirmed felony assault conviction under 18 U.S.C. §242).

Further, it did not escape the Court's attention that defendant Riddle's conduct apparently was so insignificant to the plaintiff that he did not even bother to rely upon it as the basis for his request for relief.  Rather, the plaintiff predicated his request for relief solely upon defendant Pittman's "racial statement," thereby signaling to the Court that the plaintiff did not even regard the other matters as violations of his constitutional rights.

Finally, as to the plaintiff's request for relief, that is, his requests for: a transfer to another State prison facility; the initiation of an investigation, including the administration of lie detector tests to the parties to this action; and for the termination of defendant Pittman's employment--those matters obviously go far beyond the scope of the relief which this Court

has authority to award the plaintiff.  Consequently, this Complaint must be dismissed in its entirety.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's Complaint is **DISMISSED** for its failure to state a constitutional claim for relief.  See 28 U.S.C. 1915(A)(b)(1).

**SO ORDERED.**

Signed: January 3, 2007

Graham C. Mullen
United States District Judge